**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3000-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RAHJIV SMITH, a/k/a
RAJI SMITH,

     Defendant-Appellant.

_____

     Argued October 22, 2025 – Decided January 6, 2026

     Before Judges Smith and Jablonski.

     On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 04-02-0153.

     Peter T. Blum, Assistant Deputy Public Defender, argued the cause for appellant (Jennifer N. Sellitti, Public Defender, attorney; Peter T. Blum, of counsel and on the briefs).

     Nancy A. Hulett, Assistant Prosecutor, argued the cause for respondent (Yolanda Ciccone, Middlesex County Prosecutor, attorney; Nancy A. Hulett, of counsel and on the brief).

PER CURIAM

Defendant Rahjiv Smith was convicted of murder and weapons offenses at the age of nineteen. He was sentenced to a fifty-year prison term. Defendant served twenty-two years of that sentence. He appeals from an order denying his motion for resentencing. On appeal, defendant argues we should extend the reasoning in State v. Comer, 249 N.J. 359 (2022), which granted certain juvenile offenders the right to resentencing. However, we decline to extend Comer to late adolescent offenders like defendant, and we affirm.

On December 16, 2003, defendant, believing Troy Brown intended to rob him or his friend, Jose Nunez, was involved in an altercation with Brown at defendant's residence in New Brunswick. Later that night, after consuming alcohol and PCP, defendant, Nunez, and Brown walked together outside Smith's home. While Nunez and Brown walked ahead, a single gunshot was fired, and Brown fell to the ground. The medical examiner concluded Brown was shot at point blank range with the muzzle of the weapon in direct contact with his clothing and no evidence of a struggle.

The subsequent investigation led police to defendant's home where his grandfather consented to searches. Nunez informed police that defendant hid the weapon, which was later recovered from a spare bedroom closet. The

A-3000-23

firearm matched the one used in the homicide. Defendant ultimately admitted to the shooting but claimed Nunez handed him the weapon and directed him to shoot.

Defendant was convicted of first-degree murder and second-degree possession of a weapon for an unlawful purpose. He was sentenced to fifty years with an eighty-five percent parole disqualifier. We affirmed his convictions and sentence. State v. Smith, No. A-1485-05 (App. Div. Sept. 27, 2007) (slip op. at 24). In April 2014, we reversed the denial of defendant's post-conviction relief (PCR) application and remanded for a hearing. State v. Smith, No. A-5236-11 (App. Div. April 4, 2014). After the hearing, the PCR court denied the relief requested and we affirmed. State v. Smith, No. A-1261-14 (App. Div. July 1, 2016).

In 2022, defendant moved for resentencing and was assigned counsel. Defendant argued individuals aged eighteen to twenty-one are still within late adolescence and share characteristics with younger teens. Defendant supported his contentions with an expert report authored by Tarika Daftary-Kapur, Ph.D, a forensic psychologist. Dr. Daftary-Kapur opined there is a scientific basis for the hypothesis that juvenile offenders who are age twenty and younger should be considered late adolescents and the factors articulated

in <u>Miller v. Alabama</u>, 567 U.S. 460, 477 (2012),[1] should be considered when they are sentenced.

In a written opinion, the trial court denied the motion, concluding:

> [D]efendant now seeks to apply the holding of <u>Comer</u> to his own case, even though he was an adult at the time of the murder. In the <u>Comer</u> decision, the Supreme Court does not question the sentencing framework for murder as applied to adults or imply that defendants up to twenty years old should be eligible for resentencing. To the contrary, the Court's holding states: "[W]e therefore hold under the State Constitution that <u>juveniles</u> may petition the court to review their sentence after [twenty] years." <u>Comer</u>, 249 N.J. at 390 (emphasis added). The Court is explicit in the age that is covered by its holding.
>
> . . . .
>
> Similarly, our Supreme Court has not extended its holdings under the State Constitution to require a sentencing court's application of the <u>Miller</u> youth factors to adult offenders. <u>See, e.g.</u>, <u>State v. Zuber</u>, 227 N.J. 442, 451 (2017) ("we hold that sentencing judges should evaluate the <u>Miller</u> factors at [the time of sentencing] to 'take into account how <u>children</u> are different, and how those differences counsel against

---

[1] In <u>Miller</u>, , the Court articulated five factors to be considered by judges in sentencing juvenile offenders in order to avoid subjecting them to cruel and unusual punishment: (1) the juvenile's chronological age and developmental characteristics; (2) the juvenile's family and home environment; (3) the circumstances of the offense and any relevant external pressures; (4) the procedural disadvantages due to youth; and (5) the rehabilitation potential. 567 U.S. at 477-78.

irrevocably sentencing them to a lifetime in prison.'" (citing Miller, 567 U.S. at 480) (emphasis added)).

Although the Court in Comer cited to scientific articles explaining why many youths do not reach maturity for years after their eighteenth birthdays, the Court's holding was plainly limited to juveniles.

. . . .

In summary, no reasonable interpretation of Comer leads to the conclusion reached by the defendant here that the Court meant to extend the holding of Comer to anyone other than juvenile defendants. Since the defendant falls outside of the delineated age for relief, and this court is bound to follow the ruling of Comer, [d]efendant's request for re-sentencing is denied.

Defendant frames this sole issue for our consideration:

A RESENTENCING SHOULD OCCUR BECAUSE THE COMER DECISION - WHICH REQUIRES A RESENTENCING AFTER AN ADOLESCENT OFFENDER UNDER AGE EIGHTEEN SERVES TWENTY YEARS - SHOULD EXTEND TO ADOLESCENTS AGED EIGHTEEN, LIKE SMITH. U.S. CONST. AMENDS. VIII, XIV; N.J. CONST. ART. I, ¶12.

Legal Background: Adolescents Under Eighteen Receive Constitutional Protection Against Lengthy Sentences Because of Their Immaturity and Likelihood of Reform, Characteristics Described by the Miller Factors.

Eighteen-Year-Old Adolescents Should Receive the Same Constitutional Protection Against Lengthy

5

Sentences Because the Miller Factors Apply Equally to Them.

The Issue of Extending Comer is Open, and a Prior Appellate Division Panel was Incorrect to Decide Otherwise.

We have considered defendant's contentions in view of our most recent decision set forth in State v. Jones, 478 N.J. Super. 532 (App. Div. 2024), certif. denied, 259 N.J. 314 and 259 N.J. 315 (2024), and conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

In support of his argument that the Miller factors should be extended to young adult offenders aged between eighteen and twenty years, defendant contends scientific evidence demonstrates that "late adolescents" share the same pertinent characteristics of juveniles. These would include "transient rashness, proclivity for risk, and inability to assess consequences," that lessen the "moral culpability" of juvenile offenders and thus a juvenile's youth is a "central consideration" to the sentencing process. Miller, 567 U.S. at 472-74 (quoting Graham v. Florida, 560 U.S. 48, 68 (2010)).

Our courts have adopted the United States Supreme Court's reasoning in Miller. Our Supreme Court noted "'children are different' when it comes to sentencing, and 'youth and its attendant characteristics' must be considered at the time a juvenile is sentenced to life imprisonment without the possibility of

A-3000-23

parole." State v. Zuber, 227 N.J. 422, 429 (2017) (quoting Miller, 567 U.S. at 465). However, despite this predicate, the Court expressly declined to "extend Miller's protections to defendants sentenced for crimes committed when those defendants were over the age of eighteen." State v. Ryan, 249 N.J. 581, 596 (2022).

Most recently, in Jones, the defendants, who committed their offenses as "late adolescents," requested resentencing on similar scientific grounds as those raised by defendant here. We explained "'[t]he Legislature has chosen eighteen as the threshold age for adulthood in criminal sentencing. Although this choice may seem arbitrary, 'a line must be drawn,' and '[t]he age of [eighteen] is the point where society draws the line for many purposes between childhood and adulthood.'" Jones, 478 N.J. Super. at 550-51 (quoting Ryan, 249 N.J. at 600 n.10 (second alteration in original)).

Here, Smith was nineteen years old when he committed his crimes, it follows that he fell within the range specifically contemplated and rejected under Jones, 478 N.J. Super. at 549. We are satisfied the judge correctly denied defendant's motion.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

7